JAMES S. BOWLES, Appellant, v. THE SACRAMENTO TURN-
PIKE AND PLANK ROAD COMPANY, Respondents.

A claim for the possession of real property. with damages for its detention, cannot be joined in the same complaint under any system of pleading with a claim for consequential damages arising from a change of a road, by which a tavern-keeper may have been injured in his business.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The facts material to the points decided appear in the opinion of the Court.

*Ralston & Wallace*, for Appellant, in support of the appeal, cited:

1 Ch. on Pl., 226. 7 Blackf., 601. 1 Cush., 123. Bouv. L. Dic., title Mispleader. 9 How. Pr. R., 123, 231, 375, 476.

*J. Neely Johnson* for Respondents.

. The demurrer was well taken. Smith *v.* Hallock, 8 How. Pr. R., 73. Getty *v.* Hudson River R. R. Co., Ib., 117. 4 How. Pr. R., 226.

The statute authorizes several causes to be united in the same action, but each cause must be separately stated. Each must be stated separately, distinctly, and specifically, as if in different complaints. There should be only one cause of action in each count of the complaint. The object of the statute was to prevent the multiplicity of suits, and the plaintiff is still bound by the rules of pleading recognized by the Courts of common law, which require him to state in distinct terms the damage he claims for each trespass upon his rights. Benedict *v.* Seymour, 6 How. Pr. R., 298.

The complaint is at variance with § 64, Prac. Act.

BRYAN, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

This cause comes up upon final judgment rendered upon demurrer. The complaint is too loosely drawn, and embraces entirely too much, even for our liberal system of practice.

A claim for the possession of real property, with damages for its detention, cannot be joined in the same complaint, under any system of pleading, with a claim for consequential damages arising from a change of a road by which a tavern-keeper may have been injured in his business.

The damages in the one case arise out of the use of land claimed by the plaintiffs; the damages in the other case would arise from an unauthorized diversion of a public road, by means of which the plaintiff suffered a loss of his usual business and profits. It will not be necessary to decide whether, under the laws of this State, an individual can sue for consequential damages, arising to him in the loss of his usual profits by the unauthorized obstruction or diversion of a public road. A party thus guilty can immediately be prosecuted under the criminal law.

The judgment upon the demurrer must be affirmed, with costs.